IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TRAVELERS PERSONAL INSURANCE )
COMPANY,

          Plaintiff,

    v.

MATTHEW BURGER,

          Defendant,
and

SHAWNA BURGER, BRIAN MACHEN
and CHRISTINE MACHEN,

          Necessary and Interested
          Parties/Defendants.

)
)
) No. 2:25-cv-1123
)
)
)
) District Judge Robert J. Colville
)
) Magistrate Judge Patricia L. Dodge
)
)
)
)
)
)
)
)
)
)
)

**ORDER OF COURT**

Currently pending before the Court is the Report and Recommendation (ECF No. 19) filed by the Honorable Patricia Dodge in the above-captioned matter. Judge Dodge's January 21, 2026 Report and Recommendation recommends that the Court grant Plaintiff's Motion for Default Judgement (ECF No. 17). Objections to the Report and Recommendation were due by February 4, 2026. No objections were filed, and the Court considers this matter to be ripe for disposition.

"The Federal Magistrates Act provides two separate standards of judicial review of orders on matters referred to magistrate judges." *Alarmax Distributors, Inc. v. Honeywell Int'l Inc.*, No. 2:14-cv-1527, 2015 WL 12756857, at *1 (W.D. Pa. Nov. 24, 2015) (citing 28 U.S.C. § 636(b)(1)). A district court may only modify or set aside those parts of the order on non-dispositive matters that it finds to be clearly erroneous or contrary to law. *Id*. "A finding is 'clearly erroneous' when,

1

'although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Pennsylvania, Dep't of Envtl. Prot. v. Allegheny Energy, Inc.*, No. 2:05-cv-885, 2007 WL 2253554, at *1 (W.D. Pa. Aug. 3, 2007) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564, 573 (1985)). "A magistrate judge's order is contrary to law 'when the magistrate judge has misinterpreted or misapplied the applicable law.'" *Brandon v. Burkhart*, No. 1:16-cv-177, 2020 WL 85494, at *2 (W.D. Pa. Jan. 7, 2020) (quoting *Doe v. Hartford Life & Accident Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006)).

Following review of the magistrate judge's report and recommendation, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The United States Court of Appeals for the Third Circuit has explained that, "even absent objections to the report and recommendation, a district court should 'afford some level of review to dispositive legal issues raised by the report,'" and has "described this level of review as 'reasoned consideration.'" *Equal Employment Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (quoting *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987)).

Upon reasoned consideration of Judge Dodge's Report and Recommendation and Plaintiff's Motion for Default Judgment, and following review of all relevant docket entries, it is hereby ORDERED as follows:

1. The Court agrees with the thorough and well-reasoned analysis set forth in Judge Dodge's Report and Recommendation, and the Court accepts and adopts Judge Dodge's Report and Recommendation in its entirety as the opinion of the Court with respect to Plaintiff's Motion for Default Judgment.

2. Plaintiff's Motion for Default Judgement is granted.

2

3. The following declaratory judgment is hereby entered in favor of Plaintiff Travelers Personal Insurance Company and against Defendant Matthew Burger and Necessary and Interested Parties/Defendants Shawna Burger, Brian Machen, and Christine Machen:

    a. Travelers's policy number 0FG009-613691653-633-1 issued to Matthew Burger and Shawna Burger include liability exclusions (Exclusion 5 - "Bodily injury or property damage which is expected or intended by an insured even if the resulting bodily injury or property damage, is a. Of a different kind a different kind, quality or degree than initially expected or intended; or b. Sustained by a different person, entity, real or personal property, than initially expected or intended." ECF No. 18 at 3–4 (cleaned up). Exclusion 8 - "Bodily Injury or property damage arising out of any oral, written, electronic, digital or other means of communication, publication or physical action that: a. Is directed at or to an individual or group of individuals; and b. Includes content, material or action that is or is perceived as: (1) Bullying, harassing, degrading, intimidating, threatening, tormenting or otherwise abusive; or (2) Causing or having caused emotional or psychological distress or fear of imminent harm or death." *Id.* at 4 (cleaned up). Exclusion 16 - "Bodily Injury or property damage arising out of arising out of sexual molestation, corporal punishment or physical or mental abuse." *Id.* (cleaned up)) that apply to preclude coverage for Matthew Burger for the claims asserted in the lawsuit captioned *Brian Machen and Christine Machen v. Matthew Burger* in the Court of Common Pleas of

Westmoreland County, Pennsylvania, Case No. 25 C 101754 (the "Underlying Action").

b.  The claims asserted against Matthew Burger in the Underlying Action arise out of intentional conduct and damages intended or expected by Matthew Burger and are not damages because of "bodily injury" caused by an "occurrence" to which the Travelers policy's coverage applies.

c.  Travelers has no obligation to defend or indemnify Matthew Burger with respect to the claims asserted in the Underlying Action.

d.  Travelers may properly withdraw its defense of Matthew Burger in the Underlying Action.

e.  Travelers is not liable to pay or satisfy any claims, judgments, or awards in the Underlying Action.

BY THE COURT:

/s/*Robert J. Colville*_____
Robert J. Colville
United States District Judge

DATED: June 10, 2026

cc:

All counsel of record